Morphy, J.
Francisco Brunetti, as testamentary executor of Pierre Raphael, a free man of color, and as tutor of his daughter, Franchise, offered for sale at public auction, a lot of ground, one undivided half of which belonged to the estate, and the other half to the defendant. The property was adjudicated to the latter for $6000; and in pursuance of the terms of the sale, she paid for one-half of it f 600 in cash, and gave her four promissory notes for $600 each, endorsed by Brunetti himself, payable at six, twelve, eighteen and twenty-four months from the 7th of June, 1839, the day of the sale, bearing interest at ten per cent, per annum, from maturity; and secured by a special mortgage on the premises sold. Shortly after the sale, Brunetti filed in the Court of Probates an account of his executorship, showing *118 that there would be only a balance of $896 58 in favor of the succession, after the four notes of $600 had been paid, none of which had then matured ; and that he had paid for its account, debts to the amount of $1503 42. This account was duly homologated on the 13th of August, 1839, by a decree of the Court of Probates. In July, 1840, Franpoise Raphael died, leaving for her only heir and testamentary executrix, the defendant, Suzanne Raphael Barnabé. The latter accepted the succession, and had an inventory of it made, on which this balance of $896 58 figures as the first item, being mentioned as due to the deceased, Franpoise Raphael, as sole heir of her father, from whose succession it accrued to her. Before signing the inventory, the defendant declares that she knows of no property, moveable or immoveable, belonging to the deceased, Franpoise, except that therein mentioned, and says nothing of the four notes of $600 each, which she had given for the property she had purchased of the estate of Pierre Raphael. The present suit is brought by Brunetti as the holder of these notes, which have never been paid or protested, and of another note of $807 20, also drawn by the defendant, to his order, dated the 22d of July, 1839, payable '• twelve months after date, with interest at ten per cent,per annum, from maturity, and secured by mortgage on the same piece of property as the other notes. An exception was taken to the petition on the ground, that it does not distinctly declare whether the petitioner sues as testamentary executor of the late Pierre Raphael, or in his own individual name as the owner of the notes. This exception was overruled by the Judge, who was of opinion, that it was not necessary to allege that the suit was brought in a representative capacity. The defendant then filed her answer, in which she avers, that the plain tiff has no right to sue in his own name for the recovery of the four notes of $600 each, inasmuch as he received them as testamentary executor of the succession of Pierre Raphael, and has kept them as such, and as tutor of Franpoise Raphael, the daughter and only heir of the deceased. The answer alleges, that these notes or obligations are extinguished by confusion, as the defendant, who was indebted on them, has become a creditor by her acceptance of the succession of Fran^ise Raphael; that the separation of patri *119 mony has not been asked for by the plaintiff, and cannot now be acted upon, and that the notes have consequently become totally and irrevocably extinct. The answer further represents, that, as relates to the note of $807 20, the defendant is ready to show by an account settled between herself and Brunetti, as testamentary executor of Pierre Raphael, that the said obligation is not in favor of Brunetti, or fór his personal benefit, but was executed in settlement with and for the benefit of the succession, and that it has also become extinct by confusion.
The Judge below was of opinion, that the four notes of $600 were extinguished by confusion, and that the executor had only a personal claim against the defendant for $1503 42, for the debts of the estate of Pierre Raphael paid by him. He rendered judgment accordingly, for that sum, as a personal debt, with five per cent interest from judicial demand, but recognized the plaintiff’s mortgage in relation to the other note of $807 20. From this judgment the present appeal was taken.
In whatever capacity the plaintiff may be considered to have brought this suit, we are of opinion that, under the circumstances of the case, no confusion took place, at least to the extent contended for by the appellee, and that the mortgage given by the defendant has never been wholly destroyed. Confusion, which is one of the ways in which obligations are extinguished, is defined to be the union, in the same person, of the qualities of debtor and creditor. Civ. Code, art. 2214. As no man can be his own debtor, or his own creditor, the debt is necessarily extinguished ; but this happens only when the person who owes the debt becomes a creditor for its whole amount. If he becomes entitled only to a portion of the debt he was owing, it is obvious that there is no extinction by confusion, except as to that portion, and that the surplus continues to be due in the same manner as the whole was due. 2 Pothier, Oblig. Nos. 605, 607, 612. In the present case, Francoise Raphael, as sole heir of her father, Pierre Raphael, was entitled only to such an amount of money as would remain after the payment of the debts of the deceased. That amount is shown, by.the executor’s account, duly homologated, to have been only $896 58. She never became the owner of the four notes amounting to $2400. Had she been *120 of age, she could not have called upon the executor to surrender them to her, without placing in his hands a sum sufficient to pay the debts of the estate, or his advances to it. When, therefore, the defendant succeeded by inheritance to the rights of Fratnjoise Raphael, she became entitled only to the sum of $896 58, and to that amount only did confusion extinguish her debt to the estate of Pierre Raphael. She remained indebted on her notes and mortgage for the balance now claimed of her by the plaintiff, if he be considered as suing in his representative capacity. If this suit was brought by the plaintiff in his own name, as owner of the notes, and such we apprehend is the true light in which it should be viewed, the result must be the same. Notes, and other such evidences of debt, may be, and very often are, worth less, but never more, than the amount expressed on their face. If an agent entrusted with the collection of a debt receives a note in payment, and settles with his principal in money, the note becomes his property ; especially if he takes such note to his own order, when under his instructions he was to have required one satisfactorily endorsed. So, in the present case, Brunetti, who under the terms of sale was to have received from the purchasers endorsed notes, maybe considered as having made the debt his own, when he took the defendant’s notes to his own order. Had these notes become valueless, wholly or in part, he would undoubtedly have been liable for their amount. He seems to have so viewed his responsibility. He accordingly paid the debts of the succession ; and on rendering his accounts, placed these notes among the assets of the estate, and held himself liable for the balance. This appears to have been also the understanding of the defendant herself, for, in July,-1840, when she had an inventory taken of the estate of Franchise Raphael, whose succession she had accepted, she placed upon it this balance of $896 58, as due by the plaintiff to her testator; thus ratifying the act by which he had kept the notes for his own account, and acknowledging that her only claim against him, as heir of Framjoise Raphael, was for this amount of money. She appears further to have since paid the plaintiff divers sums of money, which are mentioned in the receipts as money paid for interest due to him. This interest we take to be that which was *121 runniug on her notes in the hands of the plaintiff, who had thus become the legal owner of them. She cannot now resist his right to recover on these notes, and the mortgage by which they are secured ; but she is entitled to a deduction of $896 58, the amount due to her by the plaintiff as the balance of his account.
In relation to the note and mortgage for $807 20, they were both executed in the individual name and on behalf of the plaintiff; and it is not shown that the estate of Pierre Raphael has any right or interest in them.
It is, therefore, ordered, that the judgment of the District Court be reversed; and that the plaintiff do recover of the defendant the sum of S2310 62, with interest at the rate of ten percent, per annum, until paid; on $303 42, from the 7th of June, 1840 ; on $600, from the 7th of December, 1840; on $600, from the 7th of June, 1841; and on $807 20, from the 22d of July, 1840, with mortgage on the premises described and referred to in the petition. This judgment to be credited with $100, paid by the defendant on the 18th of February, 1841; with $72, paid on the 30th of November, 1841; and with $50, paid on the 16th of April, 1842.
It is further ordered, that the defendant pay the costs in both courts.